J-S21043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH SILFIES, | |
| Appellant | No. 2683 EDA 2015 |

Appeal from the Order August 21, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004272-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 18, 2016**

This is a *pro se* appeal from the order denying Appellant's most recent motion for writ of *habeas corpus*.  Because Appellant's filing constitutes a serial untimely petition under the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541-9546, we affirm.

During the history of this case, Appellant has filed a plethora of *pro se* motions.  Previously, this Court has summarized the pertinent facts and a partial procedural history as follows:

> On April 27, 2005, Appellant pled guilty to several burglary and theft-related offenses [at multiple docket numbers].  He was sentenced on June 8, 2005, to [an aggregate term of] 2 ½ to 6 years of incarceration, followed by 10 years on state-supervised special probation.  The consecutive probationary sentence was only imposed [at Case No. 4272 of 2004].
>
> Appellant served his time in prison and completed parole [as to all his other dockets], at which time the ten

*Former Justice specially assigned to the Superior Court.

year probationary sentence from the within matter, Case No. 4272 of 2004, began to run.

Appellant committed technical violations of his probation on or around September 2, 2011 and/or September 3, 2011. A Gagnon II hearing was held on October 18, 2011, at which time Appellant's probation was revoked and he was sentenced to 10 years of special probation.

On or around December 12, 2011, Appellant was arrested and charged with Driving Under the Influence (DUI), which constituted a violation of his special probation. He was convicted of the DUI offense on February 15, 2012. On February 28, 2012, a Gagnon II hearing was held during which [Appellant] conceded the allegations in the petition against him. As a result of the violation, a five-to-ten year sentence was recommended. The Court postponed sentencing until April 3, 2012, in order to look into Appellant's eligibility for a County Intermediate Punishment drug offender program for purposes of obtaining treatment as requested by defense counsel.

On April 3, 2012, Appellant was resentenced to ten years of probation with the first 22 months to be served in the Lehigh County Treatment Continuum Alternative Program (TCAP) based on representations by defense counsel that he was eligible for the TCAP program.

Appellant absconded from the TCAP program's treatment house on June 6, 2012, at which time a warrant was issued for his arrest. He was subsequently arrested and a Gagnon II hearing was held on July 17, 2012. During that hearing, Appellant brought to the Court's attention that due to the nature of the underlying offenses, he is ineligible for TCAP, which rendered the April 3, 2012, sentence illegal. As a result of that, at the end of the hearing, the Court vacated the April 3, 2012, sentence and resentenced Appellant to five to ten years in a State Correctional Institution. This resentencing was not based on any violation incurred as a result of [Appellant] absconding from TCAP. As a procedural matter, the Court treated the TCAP sentence as a legal nullity. The five to ten year sentence was a resentencing based on the

sustained violations arising from the DUI conviction. Thus, it was procedurally imposed following Appellant's concession to the violation on February 28, 2012.

Appellant filed a Petition for Reconsideration on July 25, 2012, which this Court denied by Order dated July 27, 2012. Appellant subsequently filed several *pro se* motions, all of which were denied.

On August 9, 2012, Appellant filed a Notice of Appeal, but filed it under an incorrect case number. The Court ordered him to file a Statement of Matters Complained of on Appeal (1925(b) Statement) within twenty-one days. On September 11, 2012, Appellant filed a second Notice of Appeal, this one captioned under the correct case number. The Court granted an extension of time to file the Concise Statement. Appellant filed his 1925(b) Statement on October 8, 2012[.] The Court filed a 1925(a) Opinion on November 13, 2012.

On November [3]0, 2012, the Superior Court entered an Order quashing Appellant's appeal as untimely because the Notice of Appeal was filed more than thirty days after the date he received his sentence.

On December 27, 2012, Appellant filed a *pro se* PCRA petition. Because at the time this Court had not yet received the official notification that the appeal was quashed, this Court stayed the PCRA.

On February 4, 2013, after having received notice of the outcome of the appeal, this Court lifted the stay on the PCRA proceedings and appointed [PCRA counsel] to represent Appellant for his PCRA.

Appellant continued his *pro se* letter and motion-writing campaign while the PCRA matter was stayed pending the outcome of the initial appeal. On January 29, 2013, Appellant filed a "Motion to Enter Self as Pro-Se and Remove Counsel of Record on Actions," which was filed prior to the formal appointment of [PCRA counsel]. As a consequence of all of Appellant's filings, this Court decided, in an exercise of fairness to Appellant, to grant him a hearing at which time he could be advised of his right to waive court-appointed counsel and the ramifications thereof, [**see Commonwealth v. Grazier**, 713 A.2d 81 (Pa.

1998),] along with giving him the opportunity to be heard in open court.

Appellant also filed a *pro se* "Motion for Extrordinary (sic) Relief under Rule (704)" on February 8, 2013. It appeared this is a reference to Pa.R.Crim.P. 704(B), which addresses oral motions for extraordinary relief raised at the time of sentencing.

On February 26, 2013, the Court conducted a hearing for Appellant. At the hearing, Appellant chose to waive his court-appointed counsel and proceed *pro se*. He also withdrew his *pro se* PCRA petition. At the end of the hearing, the Motion for Extraordinary Relief was denied because it was inappropriate for the procedural posture of the case. The PCRA petition was also dismissed due to Appellant withdrawing it. Appellant finally requested to withdraw a *pro se* Motion to Withdraw Counsel/Habeas Corpus Hearing. This Court found that Appellant's request was a knowing, intelligent, and voluntary decision and granted his request to withdraw the Motion.

Appellant filed a *pro se* Notice of Appeal on March [7], 2013.

***Commonwealth v. Silfies***, 97 A.3d 796 (Pa. Super. 2014), unpublished memorandum at 1-4 (citations omitted).

In affirming the denial of Appellant's motion for extraordinary relief, we first noted that, because the PCRA subsumes other post-conviction remedies including *habeas corpus*, the motion should have been treated as a timely PCRA petition. ***Silfies***, at 5 (citing ***Commonwealth v. Peterkin***, 722 A.2d 638, 639 n.1 (Pa. 1998)). Utilizing our standard of review under the PCRA, we adopted the rationale expounded by the court below in rejecting Appellant's claims that his July 17, 2012 sentence was illegal. ***See id.*** at 6-8.

Undaunted by this Court's decision, Appellant continued to seek relief by filing numerous petitions.[1] On June 5, 2015, Appellant filed a *pro se* "Motion to Correct/Modification of An Illegal Sentence Pursuant to 42 Pa.C.S.A. [§]9760" and a *pro se* "Motion for Appointment of Counsel and In Forma Pauperis." Treating the dual filings as a serial PCRA petition, the PCRA court filed Pa.R.Crim.P. 907 notice of intent to dismiss the filing without a hearing. Appellant filed a notice of appeal to this Court, which is docketed at No. 2208 EDA 2015.

On July 30, 2015, Appellant sent a *pro se* motion for "Writ of Habeas Corpus" to the PCRA court's chambers. The record indicates that this filing was docketed on August 4, 2015. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's *pro se* motion for writ of *habeas corpus*. Additionally, in a separate order entered that same day, the PCRA court denied Appellant's *pro se* "Motion to Correct/Modification of an Illegal Sentence Pursuant to 42 Pa.C.S.A. [§] 9760." After considering Appellant's timely response, the PCRA court denied Appellant's *pro se* motion for writ of *habeas corpus* on August 21, 2015. This timely appeal follows. Although the PCRA court did not require Pa.R.A.P. 1925 compliance, it did file a Rule 1925(a) opinion.

---

[1] Additionally, Appellant continues to seek post-conviction relief in the federal courts.

In this appeal, Appellant again presents several challenges to the legality of his July 17, 2012 sentence. Before addressing Appellant's claims, we must first determine whether they PCRA court correctly concluded that Appellant's *pro se* motion for writ of *habeas corpus*, which it treated as a serial PCRA petition, was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783; ***see also*** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on August 16, 2012, when the thirty-day time period for filing a direct appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the PCRA petition at issue August 16, 2013, in order for it to be timely. As Appellant filed the instant petition on August 4, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Within his brief, Appellant has neither acknowledged the PCRA's time bar nor attempted to prove any exception thereto. Instead, he asserts that his issues raised on appeal are reviewable, because "illegal sentences are non-waivable. Appellant's Brief at 3 (citations omitted). Unfortunately for Appellant, although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 426 (Pa. Super. 2013). Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's serial PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.[2]

---

[2] In doing so, we agree with the PCRA court's conclusion that, even if his latest PCRA petition was timely, Appellant's challenge to the legality of his sentence "was fully litigated both on appeal and at the PCRA stage and there was no merit to his request." PCRA Court Opinion, 8/31/15, at 1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016